## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| RAYNI LYNETTE OMAR-TAYLOR, | Civil No. 11-899 (JRT/JJK) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND** |
| | **ORDER ON DEFENDANTS'** |
| HENNEPIN COUNTY HUMAN | **PARTIAL MOTION TO DISMISS** |
| SERVICES AND PUBLIC HEALTH | |
| DEPARTMENT and LEONARD ZEFF, | |
| Defendants. | |

Jeffer Ali and Nadeem Schwen, **CARLSON CASPERS VANDEN-BURGH & LINDQUIST**, 225 South Sixth Street, Suite 3200, Minneapolis, MN 55402, for plaintiff.

Beverly J. Wolfe, Assistant County Attorney, **HENNEPIN COUNTY ATTORNEY'S OFFICE** - A2000 Government Center, 300 South 6th Street, Minneapolis, MN 55487, for defendants.

Plaintiff Rayni Lynette Omar-Taylor ("Omar") has brought this action against Defendants Hennepin County Human Services and Public Health Department ("Hennepin County") and Leonard Zeff ("Zeff"). Omar is a former employee of Hennepin County, and Zeff was her supervisor. After being terminated from her job, Omar brought this action alleging disability discrimination under the Americans with Disabilities Act (ADA) and Minnesota Human Rights Act (MHRA). Defendants now

bring a partial motion to dismiss, seeking the dismissal of all counts against Zeff and several claims against Hennepin County.[1]

Omar does not contest Defendants' motion to dismiss, with one exception: she objects to the dismissal of her ADA retaliation claim against Hennepin County.  Because Omar's ADA retaliation claim against Hennepin County arises out of the conduct described in her original *pro se* form complaint, the Court rejects Hennepin County's contention that Omar did not adequately plead this claim within the statute of limitations. The Court will deny Defendants' Motion to Dismiss Omar's ADA retaliation claim against Hennepin County and grant the remainder of the motion.

## BACKGROUND

### I.   *PRO SE* COMPLAINT

Omar filed a dual charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC") and the Minnesota Department of Human Rights ("MDHR") on or about June 1, 2010.  (Am. Compl. ¶ 29, Aug. 8, 2011, Docket No. 7.)   The EEOC issued a right to sue letter to Omar on January 13, 2011. (Corrected Compl. at 12, Ex. 2, Apr. 12, 2011, Docket No. 1.)  Under federal law, Omar had ninety days after January 13th to file a complaint in court to preserve her claims under the ADA.  *See* 42 U.S.C. § 2000e-5(f).

---

[1] Defendants initially sought the dismissal of this case in its entirety.  (Mot. to Dismiss, Aug. 26, 2011, Docket No. 9).  They now seek only a partial dismissal.  (Defs.' Mem. in Supp. of Mot. for Partial Dismissal, Sept. 9, 2011, at 1 n.1, Docket No. 12.)

Omar filed a *pro se* form complaint within the ninety day deadline, on April 12, 2011.  (Corrected Compl. at 7.)  The form that Omar used to file her complaint contained a section entitled "nature of the case" with checkboxes listing various discriminatory acts. (*Id.* at 4.)  Omar checked the boxes for "termination of my employment," "failure to promote me," "failure to accommodate my disability," and "terms and conditions of employment differ from those of similar employees."  (*Id.*)  She did not check the box entitled "retaliation."  (*Id.*)

In her complaint, Omar wrote, in part, the following description of Defendants' alleged discrimination:

> In January 2010[,] Defendant Len Zeff[,] supervisor with Hennepin County Human Services and Public Health Department, placed me . . . on a performance [i]mprovement plan (PIP).  My performance was set to be reviewed on April 22, 2010, [b]ut on April 12th 2010 I was given an oral and written repr[i]mand and a five (5) day suspension without pay.  I was not given an opportunity to have my performance reviewed prior to the repr[i]mands.  [U]pon returning from the five days su[s]pension I had to undergo a performance review.
>
> [In January of 2010, Hennepin County denied my request to be transferred to another supervisor and/or unit that could better accommodate needs related to my learning disability.  Also, on January 22, 2010, Hennepin County denied my request for ADA "services and support" and I was told that I "should have come to ADA before being on a PIP."]
>
> In Feb. 2010[,] Defendant Len Zeff required me to move [to an] office at the other end of the building.  This left me isolated from my co-workers and made it increasingly difficult to receive support.  The hostile work enviorment [sic] this created made it challenging to focus on job performance.
>
> On May 12th 2010, I was given a 10 day[] su[s]pension based on performance despite not being given adequate time to get up to date on case files.

(*Id.* at 5-6.)

Omar checked "yes" in response to the following question posed in her complaint: "Did you complain about this same conduct [alleged in the complaint] in the charge of discrimination . . . ?"  (*Id.* at 4.)  She also attached her charges of discrimination to the complaint.  Her attached EEOC charge stated that Hennepin County's discrimination was based on retaliation related to her disability.  (*Id.* at 8.)  The EEOC charge also alleged that, after Omar filed her original disability discrimination charge, Defendants fired her and escorted her from her workplace.  (*Id.*)

## II.    AMENDED COMPLAINT

Omar filed an amended complaint with the help of counsel on August 8, 2011, outside the ninety-day statute of limitations.  (Am. Compl., Aug. 8, 2011, Docket No. 7.) In the amended complaint, Omar explicitly alleged retaliation in violation of the ADA. Specifically, she alleged that Defendants wrongfully terminated her employment in retaliation because she filed a Charge of Discrimination with the EEOC and because she requested reasonable accommodations.  (*Id.* ¶ 52.)  She also alleged that Defendants' "discriminatory and unlawful employment practices have been intentional, deliberate, willful, and conducted in reckless disregard of and in gross indifference" to her rights. (*Id.* ¶ 53.)

## ANALYSIS

### I.   STANDARD OF REVIEW

Reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to the non-moving party. *See, e.g.*, *Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). At the motion to dismiss stage, the record for review before the Court is generally limited to the complaint, some matters that are part of the public record, and any documents attached as exhibits that are necessarily embraced by the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

### II.   RELATION BACK

The key issue raised by this motion is whether Omar's retaliation claim is barred by the statute of limitations because it was not included in her original complaint. Federal Rule of Civil Procedure 15(c)(1)(B) provides that an amended complaint relates back to the date of the original complaint where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." "To arise out of the same conduct, transaction, or occurrence, the claims must be tied to a common core of operative facts"[2] and must "be specific enough to put the opposing party on notice of the factual basis for the claim."

---

[2] As the Supreme Court stated, relation back is allowed "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Mayle v. Felix*, 545 U.S. 644, 657 (2005) (internal quotation marks omitted).

*Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010) (internal quotation omitted). Such amendments can change the legal theory of an action or add other claims arising out of the same transaction or occurrence. *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1543 (8th Cir. 1996). "Since the purpose of Rule 15(c) is to permit cases to be decided on their merits, it has been liberally construed." *Id.* (internal citation omitted). The Court will also consider whether a defendant is unfairly prejudiced by allowing the relation back of an amended complaint. *Id.* at 1544.

The Court denies defendant's motion to dismiss Omar's ADA retaliation claim for three reasons. First, the facts alleged in Omar's amended complaint arise out of the same conduct, transactions, or occurrences set out in the original complaint. Her original complaint asserted that she had been suspended, isolated from her co-workers, and subjected to a "hostile work environment" after requesting reasonable accommodations. (Corrected Compl. at 5-6.) It also alleged that she was discriminated against because of the termination of her employment, Defendants' failure to promote her, and the different treatment she received as compared to other employees. (*Id.* at 4.) The Court finds that these accusations encompass the same conduct that underlies her retaliation claim. *See Tiller v. Atlantic Coast Line R. Co.*, 323 U.S. 574, 581 (1945) ("There is no reason to apply a statute of limitations when, as here, the respondent has had notice from the beginning that petitioner was trying to enforce a claim against it because of the[se] events . . . .").

Second, because Omar was *pro se* when she filed her original complaint, the Court must liberally construe her pleading. *Miles v. Ertl Co.*, 722 F.2d 434, 434 (8th Cir. 1983).

In *Miles*, the Eighth Circuit declined to dismiss a civil rights complaint even though the pleadings did not strictly conform to the rules because the plaintiff "narrate[d] a sequence of events which arguably g[a]ve rise to a cause of action and could be addressed by a responsive pleading." *Id.* at 434. As in *Miles*, Omar's failure to identify each and every legal theory arising from her factual allegations is not a bar to her claims.

Third, Hennepin County is not unfairly prejudiced by Omar's failure to check the "retaliation" box on her original complaint. Hennepin County knew that Omar had alleged retaliation in her administrative charge, which was attached to her court complaint, and Omar's court complaint responded "yes" to the question of whether she had complained of the "same conduct" in her administrative charge. *See Waters v. Kmart Corp.*, No. 08-0012, 2008 WL 2906092, at *3 (D. Minn. July 24, 2008) (holding that a plaintiff's amended complaint "related back" to the claims asserted in an EEOC Charge incorporated into his original complaint). Allowing the relation back of Omar's retaliation claim will not unfairly prejudice the County.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 9] is **GRANTED in part** and **DENIED in part**:

1.    The motion is **GRANTED** as to Defendant Zeff. Defendant Zeff is **DISMISSED** from this action.

2.      The motion is **GRANTED** as to Counts IV (Disability Discrimination under the MHRA), V (Failure to Reasonably Accommodate under the MHRA), and VI (Reprisal / Retaliation in Violation of the MHRA).   Counts IV, V, and VI are **DISMISSED.**

3.      The motion is **DENIED** as to Count III, Retaliation in Violation of the ADA.

DATED:   November 15, 2011                                     s/ John H. Tunheim
at Minneapolis, Minnesota.                                          JOHN R. TUNHEIM
                                                                  United States District Judge